IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL MOTORSPORT GROUP, INC., et al.,[1] | ) | Case No. 08-10192 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Related Docket No. 12** |

## ORDER GRANTING MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 363 FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF CRG PARTNERS GROUP LLC. TO PROVIDE RESTRUCTURING SERVICES TO THE DEBTORS AND OF T. SCOTT AVILA AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

Upon consideration of the motion (the "Motion")[2] of the Debtors, in the above-captioned cases, seeking entry of an order, pursuant to section 363 of the Bankruptcy Code, authorizing the employment of CRG Partners Group LLC ("CRG") to provide interim management to the Debtors; and the Court having reviewed the Motion, the Declaration of T. Scott Avila filed in support thereof; and the Court being satisfied based on the representations made in the Motion and in the Avila Declaration that neither CRG or Mr. Avila represents an interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged and that their employment is necessary and would be in the best interests of the Debtors' estates, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, in accordance with section 363 of the Bankruptcy Code, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Global Motorsport Group, Inc. (6138); Custom Chrome Manufacturing, Inc., dba Santee Industries (2016); Custom Chrome Europe, Ltd. (8828); and Custom Chrome Far East, Ltd. (8827). The address for all Debtors is 16100 Jacqueline Ct., Morgan Hill, CA 95037.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

Debtors are authorized to employ and retain CRG Partners Group LLC ("CRG") to perform restructuring services to the Debtors, and T. Scott Avila on a full-time basis as CRO of the Debtors, *nunc pro tunc* to the Petition Date, on the terms set forth in the Application and the Engagement Letter and the Avila Declaration attached thereto and CRG shall not act in any other capacity in these cases; and it is further

ORDERED, that notwithstanding the approval of the Application by this Order, the Debtors are not required to indemnify CRG (as provided in paragraph 25 of the Application and the Appendix to the Engagement Letter); *provided, however*, that the Debtors are permitted to indemnify any and all CRG personnel who are appointed by the Debtors as officers of the Debtors on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, and any CRG personnel who are appointed by the Debtors as officers of the Debtors may be named on the Debtors' Directors and Officer insurance policies and may be named on the Debtors' employment practices rider to the Directors and Officers Insurance; and it is further

ORDERED, that the payments contemplated in the Engagement Letter (other than the administrative fee mentioned in paragraph 1(b) of the Appendix to the Engagement Letter for which CRG does not seek payment) are hereby approved and may be made by the Debtors without any further order from this Court, *provided however*, that CRG shall file monthly statements of its fees and expenses as provided in the Motion and parties in interest shall have the right to object to fees paid when quarterly reports of compensation earned are filed with the Court, *provided further* that any such objection shall be filed within twenty (20) days of the filing of the quarterly report. Such reports shall contain summary charts which describe the

services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred; and it is further

ORDERED that CRG shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed; and it is further

ORDERED that no principal, employee or independent contractor of CRG and its affiliates shall serve as a director of any of the above-captioned Debtor(s) during the pendency of the above-captioned cases; and it is further

ORDERED that success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee; and it is further

ORDERED that for a period of three years after the conclusion of the engagement, neither CRG nor any of its affiliates shall make any investments in the Debtor(s) or the Reorganized Debtor(s); and it is further

ORDERED that CRG shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor(s), its/their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation; and it is further

ORDERED, that nothing in this Order or in the Engagement Letter is intended to waive any fiduciary duty which may otherwise exist, if any; and it is further

ORDERED, that notwithstanding anything to the contract in the Engagement Letter, this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____Jul 28_____, 2008

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

31606-001\DOCS_DE:133615.4